# NO. 12-24-00109-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATIE REAMES,*<br>*APPELLANT* | § | *APPEAL FROM THE 249TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CHELSEA BARNES-BRASHEAR,*<br>*APPELLEE* | § | *JOHNSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On March 28, 2024, Katie Reames filed a notice of appeal from a judgment signed on December 28, 2023.[1]  Under Rule 26.1, the notice of appeal must be filed within thirty days after the judgment is signed or, if the case is accelerated, within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1.  Unless the appeal is accelerated, the notice of appeal must be filed within ninety days "after the judgment is signed" if any party timely files a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law when such could be properly considered by the appellate court.  TEX. R. APP. P. 26.1(a)-(b), 28.1(b).   Reames's docketing statement reflects that she filed a motion for new trial on January 26, 2024, making her notice of appeal due on or before March 27.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal.  TEX. R. APP. P. 26.3.  Any motion for extension of time was due no later than April 11.  Reames did not file a motion for extension.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

On April 26, this Court notified Reames that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. Nevertheless, Reames was further notified that, pursuant to Rule 26.3 and *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Reames that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Reames that the appeal would be dismissed for want of jurisdiction unless on or before May 6, she informed this Court, in writing, of facts that reasonably explained the need for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 42.3. This deadline expired without a motion in accordance with *Verburgt* or other response from Reames.

This Court is not authorized to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2. Because Reames did not respond to this Court's *Verburgt* notice, we cannot exercise jurisdiction over the appeal. *See* ***Zakirali v. Sysco Corp.***, No. 10-23-00242-CV, 2023 WL 7871794, at *1 (Tex. App.—Waco Nov. 16, 2023, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when motion for extension was implied under *Verburgt* but appellant failed to provide reasonable explanation for late notice of appeal despite appellate court's warning letter); *see also* ***Lasater v. Thompson***, No. 02-20-00290-CV, 2021 WL 386957, at *1 (Tex. App.—Fort Worth Feb. 4, 2021, no pet. h.) (mem. op.) (absent timely filed notice of appeal or extension request, appellate court lacks jurisdiction). Accordingly, the appeal is ***dismissed for want of jurisdiction***.[2]


Opinion delivered May 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] We also note that Reames's notice of appeal fails to comply with Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2024**

**NO. 12-24-00109-CV**

**KATIE REAMES,**
Appellant
V.
**CHELSEA BARNES-BRASHEAR,**
Appellee

---

Appeal from the 249th District Court

of Johnson County, Texas (Tr.Ct.No. DC-C202200203)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*